IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| PATRICIA S. BRITTON,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Civil Action No. 3:14CV683 (RCY) |
| EDWARD F. GARDNER,<br>    Defendant. | )<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter comes before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Plaintiff's Motion and Notice for Order Remanding Action to State Court (ECF No. 7) and Defendant's Motion for Leave to File Amended Notice of Removal (ECF No. 13). In resolving these motions, the Court must determine whether Defendant's Original Notice of Removal (Notice of Removal, ("Original Notice"), ECF No. 1) was satisfactory on its face and, if not, whether Defendant should be granted leave to amend his Original Notice. Because the Court finds that Defendant's Original Notice was defective, but also finds that Defendant should be permitted to amend the Original Notice, the Court DENIES Plaintiff's Motion (ECF No. 7) and GRANTS Defendant's Motion (ECF No. 13).

**I. PROCEDURAL POSTURE**

On September 10, 2014, Plaintiff initially filed a Complaint against Defendant in this matter in the Circuit Court of the County of Henrico, Virginia, seeking $895,000 in compensatory damages (Complaint, ECF No. 1-1). On or about September 22, 2014, process was served on the Secretary of the Commonwealth, Defendant's statutory agent.[1] (Original Notice ¶ 3.) On October 7, 2014, Defendant filed his Original Notice with this Court. In the Original Notice, Defendant alleged that

---
[1] Va. Code Ann. § 8.01-329.

diversity existed between the parties and that the amount in controversy exceeded $75,000. (Original Notice ¶¶ 1-5.) Specifically, Defendant alleged that "plaintiff . . . is a citizen of the Commonwealth of Virginia," and that "defendant . . . is a citizen of the State of Tennessee." (Original Notice ¶¶ 1-2.) Further, Defendant highlighted that "[p]rocess addressed to the Defendant was served upon the Secretary of the Commonwealth." (Original Notice ¶ 3.) Finally, Defendant specifically alleged that this Court had jurisdiction over the case pursuant to 28 U.S.C. § 1332. (Original Notice ¶ 5.)

On November 6, 2014, Plaintiff filed a motion to remand this suit to the Circuit Court for the County of Henrico, Virginia (Mot. and Notice for Order Remanding Action to State Ct. ("Mot. Remand"), ECF No. 7). Plaintiff argues that "Defendant's Notice of Removal is defective because it fails to allege that diversity jurisdiction existed both at the time of the filing of the Complaint . . . and at the time of the filing of the Notice of Removal." (Mot. Remand at 1.) Plaintiff specifically argues that Defendant's failure to follow the double designation requirement is a substantial defect in the Original Notice that prohibits this Court from exercising diversity jurisdiction over the suit. (Mem. Supp. Pl.'s Mot. Remand ("Pl.'s Mem."), ECF No. 8 at 3-5, 9.) Plaintiff further argues that Defendant cannot amend the Original Notice, because amendments beyond the thirty-day removal period cannot supply missing jurisdictional allegations. (Pl.'s Mem. at 5-9).

On November 6, 2014, Defendant filed an Amended Notice of Removal (Amended Notice of Removal ("Am. Notice"), ECF No. 10). In the Amended Notice, Defendant specifically alleges that "plaintiff . . . is now and was at the time of the filing of this matter a citizen of the Commonwealth of Virginia," and that "defendant . . . is now and was at the time of filing of this matter a citizen of the State of Tennessee." (Am. Notice ¶¶ 1-2.)

On November 7, 2014, Plaintiff objected to Defendant's Amended Notice, arguing that Defendant must obtain leave of the Court before amending his Original Notice, because the thirty-

day removal period had run. (Pl.'s Objection to Def.'s Am. Notice of Removal ("Pl.'s Objection"), ECF No. 11 at 1); *see* 28 U.S.C. §§ 1446(b)(1), 1653. Thereafter, on November 21, 2014, Defendant moved for leave to file an amended notice of removal (Def.'s Mot. Leave to File Am. Notice of Removal ("Def.'s Mot. Am."), ECF No. 13). Defendant supported his Motion to Amend with a concurrently filed memorandum (Def.'s Mem. Law in Supp. Def.'s Mot. for Leave to File Am. Notice of Removal ("Def.'s Mem."), ECF No. 14). That same day, Defendant also filed a memorandum in opposition to Plaintiff's Motion to Remand (Def.'s Mem. in Opp'n to Pl.'s Mot. Remand and Objection to Def.'s Am. Notice of Removal ("Def.'s Mem. in Opp'n"), ECF No. 15).

Thereafter, Plaintiff filed a reply brief to Defendant's Memorandum in Opposition (Pl.'s Rep. Br. and Objection to the Filing of Def.'s Mem. in Opp'n to Pl.'s Mot. to Remand ("Pl.'s Rep."), ECF No. 16) and a memorandum in opposition to Defendant's Motion to Amend (Pl.'s Mem. in Opp'n to Def.'s Mot. for Leave to File Am. Notice of Removal ("Pl.'s Mem. in Opp'n"), ECF No. 17). This matter is now before the Court on Plaintiff's Motion to Remand (ECF No. 7) and Defendant's Motion to Amend (ECF No. 13).

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The United States Code provides that the federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Moreover, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants [to the appropriate federal district court]." 28 U.S.C. § 1441(a).

This Court has recognized that "when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time the removal is sought." *Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985) (quoting 14A Charles Alan Wright et al., *Federal Practice and Procedure, Jurisdiction* § 3723 (2d ed.1985)) (internal quotation marks omitted).[2]

To effectuate removal, a defendant must file a notice of removal with the federal court within thirty days of receiving service of the initial pleading. 28 U.S.C. § 1446(b). The notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the] defendant." 28 U.S.C. § 1446(a). Moreover, the Fourth Circuit has approvingly quoted the District Court for the Western District of North Carolina's statement that "jurisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon the . . . choice of verbiage." *Nutter v. New Rents, Inc.*, 945 F.2d 398, *2 (4th Cir. 1991) (unpublished) (quoting *Gofroth v. Allstate Ins. Co.*, 213 F. Supp. 595 (W.D.N.C. 1963)).

Generally, during the thirty-day removal period, a defendant may "amend its removal petition to include either missing or imperfectly stated grounds for removal." *Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797, 799 (E.D. Va. 2004) (citing *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980)). Following the thirty-day removal period, however, a defendant may only amend its notice of removal with leave of court. *See id.* "As a general rule, under 28 U.S.C. 1653, allegations of jurisdiction imperfectly stated in the original petition for removal may be amended

---

[2] The Fourth Edition of *Federal Practice and Procedure, Jurisdiction* suggests that this double designation requirement exists to prevent parties that were not diverse at the commencement of the suit in state court from later changing citizenship to become diverse and thus remove to federal court. 14B Charles Alan Wright et al., *Federal Practice and Procedure, Jurisdiction* § 3723 (4th ed. 2009) ("Thus, if, after filing its complaint in state court, the plaintiff changed its citizenship so that it became diverse from each defendant at the time of removal to federal court, removal nonetheless would be improper.") "The purpose of requiring diversity to exist at both times apparently is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship." *Id.*

4

even after the expiration of the thirty-day removal period, whereas missing allegations may not be supplied nor new allegations furnished." *Id.* (citation omitted) (internal quotation marks omitted).

In discussing the differences between "imperfectly stated" and "missing" jurisdictional allegations, this Court recently held that

> [t]he line between allegations of a jurisdictional ground or basis for removal which are 'missing' from a notice of removal as opposed to allegations that are merely 'imperfectly stated' is not always entirely distinct. Federal courts, including courts in this district, have interpreted this principle as allowing defendants to amend their removal notices only when they are elaborating on an existing basis or ground for subject matter jurisdiction, but not where a defendant seeks to introduce a new ground or basis for subject matter jurisdiction.

*Arlington Cmty. Fed. Credit Union v. Berkley Reg'l Ins. Co.*, No. 1:14cv1022, 2014 WL 5529668, at *7 (E.D. Va. Oct. 30, 2014) (citing *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014))). In short, "amendments to a removal notice are permissible past the 30-day limit where they elaborate on an existing basis or ground for subject matter jurisdiction already stated; by contrast, amendments to a removal notice are impermissible where they seek to inject a new basis or ground for subject matter jurisdiction." *Evans ex rel. Coles v. GEICO General Ins. Co.*, No. 3:14cv659, 2014 WL 6775774, at *4 (E.D. Va. Dec. 2, 2014).

If a notice of removal imperfectly states the basis for removal, a court next determines "whether the amendment sought is merely a 'technical' amendment or whether it is 'material and substantial.' *Muhlenbeck*, 304 F. Supp. 2d at 801. A technical amendment is one that will not raise significant factual disputes. *See id.* at 802 (finding that an amendment to properly state the citizenship of an LLC was "only a technical amendment," because the citizenships of the entities that comprised the LLC were undisputed). The Fourth Circuit has stated "that amendment is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction." *Wood*, 764 F.3d at 323. Similarly, this Court has permitted an amendment where defendants sought "to elucidate the reasons for the existence of diversity jurisdiction . . . [and] would not be asserting a

5

new basis or ground for subject matter jurisdiction in amending the Notice of Removal." *Evans*, 2014 WL 6775774, at *7 (granting leave to amend notice of removal that alleged diversity jurisdiction but failed to satisfy the double designation requirement).

On the contrary, courts will not allow an amendment that is material and substantial. "An amendment is 'material and substantial,' for example, where it is likely to lead to a significant factual dispute between the parties." *Muhlenbeck*, 304 F. Supp. 2d at 801. Allowing an amendment that would lead to significant factual disputes would not be proper "because one of the purposes of the thirty-day removal period of 28 U.S.C. § 1446(b) is to ensure that litigation is not unduly delayed by uncertainty as to subject matter jurisdiction. *Id.* (citing *Iceland Seafood Corp. v. National Consumer Cooperative Bank*, 285 F. Supp. 2d 719, 727 (E.D. Va. 2003) (declining to grant leave to amend where amendment would add an entirely new jurisdictional allegation based on a federal statute)).

In short, leave to amend should be granted when a notice of removal's jurisdictional ground is an imperfectly stated technical defect, amendment of which will not raise significant factual disputes. On the contrary, leave to amend should not be granted when a notice of removal completely omits an alleged jurisdictional ground, and the purported amendment seeks to add an entirely new basis for jurisdiction.

### III. ANALYSIS

The parties raise two arguments. The first is whether Defendant timely filed his Amended Notice. The second is, assuming that the Amended Notice was untimely, whether the Court should grant Defendant leave to file his Amended Notice.

#### A. Timely Filing

The Court begins its analysis by noting that the parties dispute whether or not Defendant filed a timely Amended Notice of Removal. Plaintiff argues that the Amended Notice was

6

untimely, as the thirty-day removal period began with the Complaint's delivery to Defendant's previous address on October 6, 2014 and, therefore, concluded on November 5, 2014. (Pl.'s Objection at 2.) Defendant avers that the thirty-day period did not begin until Defendant received a copy of the original complaint from his brother-in-law on October 9, 2014, and, therefore, that his Amended Notice of Removal was timely filed on November 6, 2014. (Def.'s Mem. in Opp'n at 3-5.) The Court assumes, without deciding, that Defendant did not timely file his Amended Notice within the thirty-day removal period.[3] The Court, therefore, turns to determining whether Defendant should be granted leave to file the Amended Notice of Removal.

### B. Leave to File Amended Notice

Plaintiff argues that Defendant should not be permitted to amend his Original Notice of Removal, because his failure to allege that both Defendant and Plaintiff were diverse at the time the complaint was filed constitutes a missing jurisdictional allegation that the Court is unable to grant leave to amend. (Pl.'s Mem. at 5-9.) Defendant maintains that his omission is a technical defect, and that the Court may grant leave to amend. (Def.'s Mot. Am. at 2-3.)

#### i. The Original Notice was Defective

Before considering whether amendment is necessary or proper, the Court begins by determining whether Defendant's Original Notice was in some way defective. In his Original

---

[3] Because the Court finds that Defendant should be granted leave to amend his Original Notice, the untimely nature of the Amended Notice is essentially moot. A brief analysis, however, supports the notion that Defendant's Amended Notice was untimely filed. While Defendant argues that the complaint was delivered to the wrong address and that he did not receive the complaint until his brother-in-law delivered it on October 9, this Court has previously held:

> It is also of no import that [defendant's] wife did not actually give the pleadings to [defendant]. The Supreme Court of Virginia has held that, "so long as the requirements of Code § 8.01–329 are met ... there is no basis under § 8.01–329 for invalidating service on the [Secretary of the Commonwealth] because of the defendant's failure to receive actual notice of the suit . . . ."

*Hackworth v. Bryan*, No. 3:11cv728, 2012 WL 112909, at * 3 (E.D. Va. Jan. 12, 2012) (quoting *Prince Seating Corp. v. Rabideau*, 659 S.E.2d 305, 307 n.3 (Va. 2008)). Moreover, the Court notes, without deciding, that Defendant presumably had actual notice of the complaint as early as October 3, 2014, because Defendant, by counsel, signed and mailed the Original Notice of Removal on that date.

7

Notice, Defendant alleged that "plaintiff . . . is a citizen of the Commonwealth of Virginia" and that "defendant . . . is a citizen of the State of Tennessee." (Original Notice ¶¶ 1-2.) In federal removal cases, however, diversity "must exist both at the time the original action is filed in the state court and at the time the removal is sought." *Hubbard*, 611 F. Supp. at 896 (citation omitted). Defendant's Original Notice, therefore, was defective in that it failed to allege diversity at the time the Complaint was filed. *See id.*; *see also Evans*, 2014 WL 6775774, at *7. Thus, to maintain jurisdiction in this Court, Defendant must amend his Original Notice of Removal.

### ii. The Defect was an Imperfect Allegation, not an Omission

Next, in determining whether or not amendment is appropriate, the Court must decide whether Defendant's Original Notice imperfectly stated a jurisdictional basis or omitted the basis entirely. "Amendments to a removal notice are permissible past the 30-day limit where they elaborate on an existing basis or ground for subject matter jurisdiction already stated; by contrast, amendments to a removal notice are impermissible where they seek to inject a new basis or ground for subject matter jurisdiction." *Evans*, 2014 WL 6775774, at *4

In his Original Notice, Defendant alleged that diversity existed between the parties at the time of removal and that the amount in controversy exceeded $75,000. (Original Notice ¶¶ 1-5.) Further, Defendant highlighted that "[p]rocess addressed to the Defendant was served upon the Secretary of the Commonwealth." (Original Notice ¶ 3.) Finally, Defendant stated that "[t]his Court has jurisdiction over this action by reason of the amount in controversy and diversity of the parties under 28 U.S.C. §§ 1332, 1441 and 1446." (Original Notice ¶ 5.)

In the Original Notice, Defendant clearly alleged that this Court has subject matter jurisdiction over the case based on the diversity of the parties. The United States Code provides that the federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different

8

States." 28 U.S.C. § 1332(a). Defendant now simply seeks to amend his notice to indicate that the parties were also diverse at the time Plaintiff filed the Complaint. (Def.'s Mot. Am. at 3; Am. Notice ¶¶ 1-2.) Defendant does not seek to change the underlying jurisdictional allegation from diversity of citizenship or to supply a new, independent basis of jurisdiction. The failure to follow the double designation requirement created an imperfectly stated jurisdictional allegation; it was not a complete omission of a jurisdictional ground. *See Evans*, 2014 WL 6775774, at *7. Because Defendant seeks to clarify an already alleged jurisdictional basis, rather than to supply an entirely new basis, the amendment would simply correct an imperfect allegation. *See id.*

Plaintiff relies on *Wood* for the proposition that the Court has no discretion to permit Defendant to amend his Original Notice, because "[c]ourts have no discretion to permit amendment furnishing new allegations of a jurisdictional basis." (ECF No. 8 at 7 (quoting *Wood*, 764 F.3d at 323).) The Court agrees. Here, if Defendant were attempting to amend his Original Notice by supplying an entirely new jurisdictional allegation, granting leave to amend would be improper. *See Iceland Seafood Corp.*, 285 F. Supp. 2d at 727 (disallowing an amendment where defendant originally alleged diversity jurisdiction but later, after the thirty-day removal period, sought to allege independent jurisdictional grounds based on a federal statute)).

The Court finds *Wood* to be distinguishable. In that case, the Fourth Circuit affirmed the remand of the case because the defendant sought to amend his notice to add a separate basis for jurisdiction based on a federal question. *Wood*, 764 F.3d at 321-24. The Fourth Circuit found that the defendant's attempt to amend its notice of removal to allege jurisdiction based on a completely new defense based in federal law was impermissible because it effectively sought to furnish an entirely "new allegation of a jurisdictional basis" after the thirty-day removal period had expired. *Id.* at 323-24.

In the instant case, however, the Original Notice's defect is more analogous to the defects found in *Evans*. In that case, the notice of removal similarly used a present tense verb to state the citizenship of certain defendants. *Evans*, 2014 WL 6775774, at *7. Specifically, the notice of removal failed to allege a company's citizenship at the time the complaint was filed. *Id.* Therefore, this Court found that the notice was defective in that it failed to provide allegations satisfying the double designation requirement. *Id.* Nonetheless, this Court found that leave to amend should be granted, because the defendants "merely [sought] to elucidate the reasons for the existence of diversity jurisdiction . . . [rather than to] assert[] a new basis or ground for subject matter jurisdiction in amending the Notice of Removal." *Id.*

Here, Defendant does not seek to furnish new allegations of a jurisdictional basis. In his Original Notice, Defendant clearly alleged, albeit imperfectly, diversity as the basis of federal jurisdiction. (Original Notice ¶¶ 1-5.) In seeking to amend the Original Notice, Defendant merely seeks to clarify that diversity existed at the time the Complaint was filed; he does not seek to add an entirely new basis for federal jurisdiction. (*See* Am. Notice ¶¶ 1-2.) Therefore, the defect Defendant seeks to correct is an imperfect allegation of jurisdiction, not an omission. *See Evans*, 2014 WL 6775774, at *7 (granting leave to amend where notice of removal alleged diversity jurisdiction but failed to satisfy the double designation requirement).

### iii. The Imperfectly Stated Allegation was a Technical Defect

Next, the Court considers whether the imperfectly stated jurisdictional allegation is a mere technical defect or a material and substantial defect. While Plaintiff questions Defendant's citizenship and domicile (Pl.'s Mem. in Opp'n at 4 n.2), the Court does not believe that Defendant has failed to properly allege that he is a citizen of Tennessee. In his sworn affidavit, Defendant testifies that he currently resides in Tennessee and has resided in that state since prior to August of 2012. (Def.'s Mot. Am. ¶¶ 1-3.) While it is true that "[r]esidence is not synonymous with domicile

10

for purposes of diversity jurisdiction," this Court has previously noted that the simple "allegation that plaintiff and defendant reside in different states provides a sufficient basis on which to sustain diversity jurisdiction." *Ginn v. Stegall*, 132 F.R.D. 166, 167-68 (E.D. Va. 1990). Here, Defendant has gone further and specifically alleged, in both the Original Notice and later in the Amended Notice, that at all relevant times he was "a *citizen* of the state of Tennessee." (Original Notice 1 ¶ 2; Am. Notice ¶ 2 (emphasis added).)

Given that Defendant's residential history indicates an apparent intent to remain living in Tennessee and, more importantly, that Defendant has specifically alleged that he is a *citizen* of Tennessee, the Court finds that the underlying imperfectly stated allegation is not a material and substantial defect, amendment of which would lead to a significant factual dispute. *Cf. Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663-64 (4th Cir. 1998) (noting that there is a distinction between residency and domicile and that where "the complaint alleged neither citizenship nor domicile, but only residence, [it] did not properly invoke the court's diversity jurisdiction").

Moreover, Defendant has consistently maintained that this Court has jurisdiction over this case based on diversity of citizenship. This is not a case wherein a defendant is seeking to amend his notice of removal to provide an entirely new and distinct jurisdictional allegation that could raise new issues and disputes, thereby delaying litigation. *See Muhlenbeck*, 304 F. Supp. 2d at 801, *Iceland Seafood Corp.*, 285 F. Supp. 2d at 727. Defendant does not now seek to add a completely new jurisdictional basis but rather seeks to correct a technical defect by "elucidate[ing] the reasons for the existence of diversity jurisdiction." *Evans*, 2014 WL 6775774, at *7. Defendant, therefore, may amend his Original Notice of Removal. *See id.*; *see also Wood*, 764 F.3d at 323 ("Our Precedent indicates that amendment is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction"); *Arlington Cmty. Fed. Credit Union*, 2014 WL 5529668, at *7

11

("Federal courts . . . allow[] defendants to amend their removal notices only when they are elaborating on an existing basis or ground for subject matter jurisdiction, but not . . . to introduce a new ground or basis for subject matter jurisdiction."); *Muhlenbeck*, 304 F. Supp. 2d at 800 ("Recent decisions in this district have regularly granted leave to amend where the imperfection in the jurisdictional allegation is a 'mere technical defect.'").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Leave to File Amended Notice of Removal (ECF No. 13) and DENIES Motion and Notice for Order Remanding Action to State Court (ECF No. 7). Hereafter, the Court will consider Defendant's previously filed Amended Notice of Removal (ECF No. 10) as the valid and properly-filed notice of removal for this case.

An appropriate Order shall issue.

Let the Clerk file this Memorandum Opinion electronically and notify all counsel accordingly.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: <u>January 12, 2015</u>